ALYSSON SNOW (Bar No. 225185)
JOE VILLASENOR (Bar No. 265703)
**LEGAL AID SOCIETY OF SAN DIEGO, INC.**
110 South Euclid Avenue
San Diego, California 92114
Tel.: 619-471-2655
Fax: 619-263-5697
alyssons@lassd.org
joev@lassd.org

*Attorneys for Plaintiff*
Urban Miyares

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN MIYARES,<br><br>Plaintiff,<br><br>vs.<br><br>CASHCALL, INC., a California corporation; DELBERT SERVICES CORPORATION, a Nevada corporation; DOES 1 THROUGH 10.<br><br>Defendant(s). | Civil Action No. **'14CV1088 W    BLM**<br><br>**COMPLAINT FOR:**<br><br>• **VIOLATIONS OF THE FEDERAL TRUTH IN LENDING ACT AND REGULATION Z;**<br>• **VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>• **VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; and,**<br>• **VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§17200,** *et seq.*<br><br>Jury Trial Demanded |

Plaintiff Urban Miyares complains and alleges against Defendant CashCall, Inc., a California corporation ("Original Creditor"); Defendant Delbert Services Corporation ("Debt Collection Agency") and, Does 1 through 10 (collectively, "Defendants") as follows:

-1-

**INTRODUCTION**

1.     Defendants charge extreme amounts of interest—in this case 139.12%—on money loans that provide to families.  The loans are typically just above the dollar amount cap ($2,500.00) to which California's usury laws apply.  Here, Defendants lent Mr. Miyares $2,525.00.  Squeaking past the $2,500.00 limit of the usury laws.  While the interest rate is painful and injurious enough, Defendants willfully violate the consumer laws designed to protect people like Mr. Miyares.  Defendants do not provide accurate disclosures on the loans themselves, then employ deceitful and unlawful means to attempt to collect purported debts.  For example, in this case, Defendant Debt Collection Agency seeks to circumvent the rules of civil procedure in California prohibiting assignees of accounts from filing in small claims court by filing deceptively in the name of Defendant Original Creditor.  This is just one of the unfair and deceptive business practices employed by Defendants related to debt collection.  These bad actions have caused Mr. Miyares to suffer damages.

**PARTIES**

2.     Mr. Miyares is an individual and, at all times mentioned in this Complaint, a resident of San Diego County, California.

3.     Plaintiff is informed and believes that Defendant Original Creditor is a California corporation was engaging in and transacting in business in California at all relevant times in this Complaint.  The principal business office is located at 1900 S. State College Blvd., Suite 300, Anaheim, California 92806.

4.     Plaintiff is informed and believes that Defendant Debt Collection Agency is a Nevada corporation, registered in California as a foreign company, engaging in and transacting business in California during all relevant time stated in this Complaint.

5.     The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are

unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Plaintiff's damages.

6.     At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of the Defendants, and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

7.     At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendants regularly, in the normal and ordinary course of business, attempt to collect and collects debts on behalf of itself and/or others.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to Title 15 of the United States Code sections 1692, et seq., the federal Fair Debt Collections Practices Act, and Title 28 of the United States Code section 1331.  Further, this Court has supplemental jurisdiction pursuant to Title 28 of the United States Code section 1367.

9.     Venue is proper in the United States District Court, Southern District of California because at least one of the defendants resides in this District and a substantial part of the acts, events, and/or omissions giving rise to the claims occurred within this District.

## JURY TRIAL DEMAND

10.     Mr. Miyares hereby demands a jury trial.

/////

/////

-3-

**FACTUAL ALLEGATIONS**

11.   On or around July 10, 2013, Plaintiff entered in to a Promissory Note and Disclosure Statement ("Agreement") with Defendant Original Creditor.

12.   The Agreement to borrow money was for primary use as personal, family or household purposes.

13.   The amount financed is disclosed as $2,525.00.   The Agreement inaccurately disclosed the amount of the amount financed.  The amount financed fails to include all charges upon which Defendants charged interest.

14.   The Agreement discloses a prepaid finance charge/origination fee of $75.00.

15.   The annual percentage rate disclosed is 139.12 percent.

16.   On information and belief, the annual percentage rate disclosed is off by more than the permissible rate of error under the federal Truth in Lending Act and Regulation Z.   The annual percentage rate fails to include all the charges and fees associated with the loan.

17.   On information and belief, the failure to accurately disclose the annual percentage rate is a pattern and practice of Defendants.

18.   On information and belief, upon charge off of the account, Defendant Original Creditor assigned the account to Defendant Debt Collection Agency.

19.    After receiving assignment of the account, Defendant Debt Collection Agency filed a small claims action in the Superior Court of California, County of San Diego, Small Claims Division, Case No. 37-2013-00313595-SC-SC-CTL, on or around October 7, 2013 seeking $2,500.00 in damages related to the Agreement.

20.   On information and belief, in an effort to circumvent California Code of Civil Procedure section 116.420, Defendant Debt Collection Agency filed the Complaint in the name of Defendant Original Creditor as assignees or a debt are prohibited from bringing claims in small claims court.

21.   On information and belief, Defendants are inaccurately reporting the

1   amount of the debt to the credit reporting agencies and have not reported that the

2   debt is disputed.

3       22.     On information and belief, Defendant Debt Collection Agency is

4   taking part in the conduct of the small claims action when it is neither the plaintiff

5   nor defendant in the small claims action in violation of California Code of Civil

6   Procedure section 116.540.

7       23.     Defendants continue the unfair and deceptive business practices

8   detailed herein.  On information and belief, unless the Defendants are enjoined

9   from the unfair, unlawful, and deceptive practices detailed herein, Defendants will

10  continue to engage in these bad actions.

11      24.     Defendants' actions described herein are willful and knowing.

12      25.     Plaintiff has suffered damages, including injury in fact and money

13  damages, as a direct and proximate result of Defendants' actions.

14                          **FIRST CAUSE OF ACTION**

15  **Violations of the Federal Truth in Lending Act and Regulation Z Against All**

16                                **Defendants**

17      26.     Plaintiff repeats and realleges the allegations in paragraphs 1 through

18  25 of the Complaint as if stated fully herein.

19      27.     Plaintiff and Defendant Original Creditor entered in to a loan

20  agreement for $2,525.00 and a $75.00 charge, itemized as a "prepaid finance

21  charge/origination fee."

22      28.     Defendants have violated the federal Truth in Lending Act and

23  Regulation Z, specifically Title 12 of the Code of federal Regulations section

24  226.18(b) and (c), because it failed to accurately disclose the amount financed and

25  properly itemize the amount financed.

26      29.     On information and belief, the annual percentage rate is likewise

27  inaccurate.

28  /////

                                    -5-

30.     Defendants have violated the federal Truth in Lending Act and Regulation Z by failing to accurately disclose the annual percentage rate in violation of Title 12 of the Code of federal Regulations section 226.18(e).  For example, the origination fees were not included in the calculation of the annual percentage rate.  The annual percentage rate is off by more than one eighth of one percent.

31.     Plaintiff has suffered damages as a direct and proximate result of these violations.

## SECOND CAUSE OF ACTION

**Violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq*. Against Defendants**

32.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 31 of the Complaint as if stated fully herein.

33.     On information and belief, Defendants collects debts, either on behalf of itself or others, in the regular and ordinary course of business.

34.     Defendants violated the California Rosenthal Fair Debt Collection Practices Act, which regulates the collection of debts.

35.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(2)(A) by making a false representation of the amount of the debt in the collection of the aforementioned debt.

36.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692e(2)(10) by using a false representation and deceptive means to collect or attempt to collect the debt, including but not limited to Defendant Debt Collection Agency falsely using the name of the original creditor in its small claims court action against Mr. Miyares to unlawfully circumvent the rules of procedure preventing assignees from suing in small claims court or, in the alternative, taking part in the conduct of the small claims action when it is neither the plaintiff or defendant in the action.

-6-

37.     Defendants violated Civil Code section 1788.17 by violating 15 United States Code section 1692f by asserting the right to collect an amount that it is not entitled to and is prohibited from collecting by the law.

38.     Defendants continue to engage in these unfair and deceptive business practices and are likely to continue to engage in doing so unless enjoined from these bad acts by this Court.

39.     Defendants' actions have directly and proximately caused Plaintiff' damages.

## THIRD CAUSE OF ACTION

**Violations of the Federal Fair Debt Collection Practices Act Against Defendant Debt Collection Agency**

40.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 39 of the Complaint as if stated fully herein.

41.     On information and belief, Defendants collects debts, either on behalf of itself or others, in the regular and ordinary course of business.

42.     Defendants violated federal Fair Debt Collection Practices Act, which regulates the collection of debts.

43.     Defendants violated 15 United States Code section 1692e(2)(A) by making a false representation of the amount of the debt in the collection of the aforementioned debt.

44.     Defendants violated 15 United States Code section 1692e(2)(10) by using a false representation and deceptive means to collect or attempt to collect the debt, including but not limited to Defendant Debt Collection Agency falsely using the name of the original creditor in its small claims court action against Mr. Miyares to unlawfully circumvent the rules of procedure preventing assignees from suing in small claims court.

/////

/////

-7-

45.     Defendants violated 15 United States Code section 1692f by asserting the right to collect an amount that it is not entitled to and is prohibited from collecting by the law.

46.     Defendants continue to engage in these unfair and deceptive business practices and are likely to continue to engage in doing so unless enjoined from these bad acts by this Court.

47.     Defendants' actions have directly and proximately caused Plaintiff' damages.

<u>**FOURTH CAUSE OF ACTION**</u>

**Violations of California Business and Professions Code Sections 17200, *et seq*.**

**Against Defendants**

48.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 47 of the Complaint as if stated fully herein.

49.     California Business and Professions Code section 17200, *et seq*. prohibits unfair, unlawful, and fraudulent business practices.

50.     Defendants have engaged in unfair and unlawful competition as defined by the Business and Professions Code section 17200.

51.     Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes.

52.     Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.  And, as detailed above and below, Defendants' conduct violates consumer laws, including the California Code of Civil Procedure sections 116.420 and 116.540; the federal Truth in Lending Act and Regulation Z; the Rosenthal Fair Debt Collection Practices Act; and, the federal Fair Debt Collection Practices Act and violates the spirit of these statutes; and otherwise significantly threatens or harms consumers.

/////

-8-

53.     Defendants' conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers or to competition.

54.     Defendants' actions constitute unlawful competition because it engaged in the following acts:

(a)     Violating California Code of Civil Procedure sections 116.420 and 116.540 ;

(b)     Violating the California Rees-Levering Act, Civil Code sections 2981, *et seq.*;

(c)     Violating California Commercial Code sections 9601, *et seq.*;

(d)     Violating the federal Truth in Lending Act and Regulation Z;

(e)     Violating the California Rosenthal Fair Debt Collection Practices Act; and,

(f)     Violating the California federal Fair Debt Collection Practices Act.

55.     Plaintiff suffered injury in fact and monetary damages as a direct and proximate result of Defendants' actions.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1.     Damages in an amount to be determined at trial;

2.     Statutory damages against Defendant Original Creditor in an amount of $2,000.00 for violations of federal Truth in Lending Act and Regulation Z;

3.     Statutory damages against Defendant Original Creditor in an amount of $1,000.00 for violations of Rosenthal Fair Debt Collections Practices Act in accordance with California Civil Code section 1788.30(b);

4.     Statutory damages against Defendant Debt Collection Agency in an amount of $1,000.00 for violations of Rosenthal Fair Debt Collections Practices Act in accordance with California Civil Code section 1788.30(b);

-9-

5.      Statutory damages against Defendant Debt Collection Agency in an amount of $1,000.00 for violations of federal Fair Debt Collections Practices Act;

6.      Pursuant to California Business and Professions Code section 17203, that Defendants be enjoined from engaging in the unfair, unlawful, and deceptive business practices described herein;

7.      Interest, if applicable;

8.      Costs;

9.      Attorney's fees; and,

10.     Any other and further relief that the court considers proper.

Dated:  April 30, 2014

Respectfully submitted by,

/s/ Alysson Snow

_____
Alysson Snow (SBN 225185)
Joe Villaseñor (SBN 265703)
*Attorneys for Plaintiff*
**Urban Miyares**

-10-